FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★   JUN 1 9 2012   ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
UNITED STATES OF AMERICA,

   -against-

PIERRE BUISSERETH,

             Defendant.
----------------------------------------X

OPINION & ORDER
08-CR-567 (SJF)

FEUERSTEIN, J.

On March 17, 2009, defendant Pierre Buissereth ("defendant") pleaded guilty before the Honorable E. Thomas Boyle, United States Magistrate Judge, to the crime of possession with intent to distribute cocaine and five (5) grams or more of cocaine base ("crack"), in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), a Class B felony, a lesser included offense within Count Two (2) of a two (2)-count indictment. By order entered April 1, 2009, I accepted defendant's guilty plea. On September 23, 2009, I sentenced defendant to a determinate term of imprisonment of one hundred (100) months, to be followed by a period of supervised release for four (4) years, to run concurrently with any un-discharged state sentence. Pending before the Court is defendant's motion seeking a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2). The government does not oppose the motion and consents to a reduction of defendant's sentence to a term of imprisonment of no fewer than eighty-four (84) months. For the reasons set forth herein, defendant's motion is granted and the one hundred (100) month term of imprisonment imposed upon defendant is reduced to eighty-four (84) months pursuant to 18 U.S.C. § 3582(c)(2).

1

I.  Background

The Presentence Report ("PSR"), as amended by Addenda, and adopted by the Court without change, indicates that at the time of defendant's arrest, agents from the Long Island Gang Task Force of the Federal Bureau of Investigation recovered over one hundred thirty-three (133.1) net grams of crack, ten and a half (10.5) net grams of cocaine, a scale, plastic bags, gloves and six thousand nine hundred dollars ($6,900.00), which defendant admitted was proceeds of prior drug sales, from inside a trap in defendant's automobile.[1] In addition, defendant admitted that on at least five (5) prior occasions, he purchased and sold a conservatively-estimated seventy-five (75) grams of cocaine. Therefore, in total, defendant sold or possessed with intent to sell a total of three hundred eighty-five and half (385.5) net grams of cocaine.

Pursuant to the United States Sentencing Guidelines Manual ("the Guidelines") effective at the time of defendant's sentence, defendant's base level offense was thirty (30). The offense level was not reduced by two (2) levels pursuant to the "safety-valve" set forth in Section 5C1.2 of the Guidelines, since, *inter alia*, defendant has more than one (1) criminal history point.[2]

---

[1] The PSR indicates that some of the crack had also been recovered on a food rack in a car wash within close proximity to where defendant was standing and that upon his arrest, defendant admitted that the crack recovered from the food rack belonged to him.

[2] The PSR indicates that defendant has a total of eight (8) criminal history points based upon: (1) three (3) prior convictions in state court for (a) criminal possession of a controlled substance in the seventh degree, (b) criminal possession of a loaded firearm in the third degree and criminal sale of a controlled substance in the second degree, and (c) driving while intoxicated; and (2) the fact that defendant had committed the instant offense (a) while on parole and (b) less than two (2) years following his release from custody in connection with the sentence imposed in state court on July 17, 2003. Although defense counsel objected to the addition of (1) criminal history point based upon his contention that defendant did not commit the instant offense less than two (2) years following his release from custody, the addition of that point does

However, the offense level was reduced by three (3) levels based upon defendant's acceptance of responsibility, thereby reducing his total offense level to twenty-seven (27). Since defendant's criminal history placed him in Criminal History Category IV, the then-applicable advisory Guidelines range was a term of imprisonment of between one hundred (100) to one hundred twenty-five (125) months. The statutory minimum term of imprisonment is five (5) years, followed by a period of post-release supervision of at least four (4) years, 21 U.S.C. § 841(b)(1)(B), unless the Court determines that defendant satisfied the mitigating factors in 18 U.S.C. § 3553(f).

The PSR identifies one (1) aggravating factor and one (1) mitigating factor, respectively, to be considered by the Court upon sentencing: (a) that defendant failed to file income tax returns for tax years 2005, 2007 and from 1998 to 2002, when he admitted to earning income from selling various drugs, including marijuana, cocaine and crack; and (b) that defendant had experienced difficult childhood circumstances, i.e., he was verbally and physically abused by his step-father and, as a teenager, had resided with his brothers at his father's apartment for approximately one (1) year without any direct adult supervision.

On September 23, 2009, I sentenced defendant to, *inter alia*, a term of imprisonment of one hundred (100) months, the minimum term of imprisonment within the then-applicable Guidelines range, to be followed by a period of supervised release for four (4) years.

On October 6, 2011, defendant filed a *pro se* motion pursuant to 18 U.S.C. § 3582(c)(2) seeking to reduce his sentence based upon Amendment 750 to the Guidelines, effective

---

not affect defendant's criminal history category, i.e., whether defendant has seven (7) or eight (8) criminal history points, he still falls within Criminal History Category IV.

November 1, 2011, which: (a) implements the Fair Sentencing Act of 2010 ("the FSA"), Pub. L. 111-220, 124 Stat. 2372 (2010), by, *inter alia*, reducing the Guidelines ranges for certain federal crack cocaine offenders and (b) applies retroactively, see U.S.S.G. 1B1.10(c). In his motion, defendant indicates, *inter alia*, that while incarcerated: (1) he has completed (a) a forty (40) hour Drug Abuse Education Program offered by the Bureau of Prisons, (b) classes in keyboarding, investing and car care maintenance, (c) a class to obtain a commercial driver's license, and (d) three hundred (300) hours of auto body vocational training; (2) he has been a tutor in the G.E.D. education program since February 5, 2010; (3) he has had only one (1) "minor infraction;" and (4) he "maintains good institutional work performance by working in the institution cafeteria." Defendant seeks a reduction of his sentence to a term of incarceration of eighty-four (84) months, the minimum term under the new Guidelines range.

On or about December 27, 2011, defendant filed an application for the appointment of counsel on his Section 3582(c)(2) motion, which was granted. On April 17, 2012, counsel appointed to represent defendant on his Section 3582(c)(2) motion filed a letter requesting that defendant's motion be granted and that his sentence be reduced to a term of imprisonment of eighty-four (84) months. The government does not dispute that defendant is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2) and consents to a reduction of defendant's sentence to a term of imprisonment of no fewer than eighty-four (84) months.

II. Discussion

18 U.S.C. § 3582(c)(2) provides, in relevant part:

"The court may not modify a term of imprisonment once it has been imposed

except that– * * * in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant * * *, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

The Supreme Court has held that "[b]y its terms, § 3582(c)(2) does not authorize a sentencing or resentencing proceeding. Instead, it provides for the 'modif[ication of] a term of imprisonment' by giving courts the power to 'reduce' an otherwise final sentence in circumstances specified by the [Sentencing] Commission." Dillon v. United States, 130 S. Ct. 2683, 2690, 177 L.Ed.2d 271 (2010). "The question in [this] context is not what sentence is appropriate, but rather whether the sentence actually imposed should be reduced in light of an intervening retroactive amendment." United States v. Rivera, 662 F.3d 166, 179 (2d Cir. 2011). A Section 3582(c)(2) proceeding is "a limited revisiting of a previously-imposed sentence, during which the analytic framework of the sentence is replicated with one exception– the provision that has been retroactively amended is substituted for the corresponding provision applied at the time of sentencing." Id. at 180. Since Section 3582(c)(2) authorizes "only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding," Dillon, 130 S. Ct. at 1391, the sentencing court is not "free to address * * * arguments regarding [other] errors at [the defendant's] original, now-final sentencing." United States v. Mock, 612 F.3d 133, 134-35 (2d Cir. 2010).

It is undisputed that part A of Amendment 750 reduces the offense levels applicable to federal crack cocaine offenses, including the offense for which defendant was convicted, by two (2) levels, see Drug Quantity Table in U.S.S.G. § 2D1.1(c)(7), and that the Sentencing

5

Commission added Amendment 750 to Section 1B1.10(c) of the Guidelines as a retroactive amendment pursuant to its authority under 28 U.S.C. § 994(u). However, "[a] retroactive amendment merely authorizes a reduction in sentence; it does not require one." Rivera, 662 F.3d at 170. Moreover, "Section 3582(c)(2) grants courts the authority to reduce sentences only if doing so is consistent with the [Sentencing] Commission's applicable policy statements." Id.; see also Freeman v. United States, 131 S. Ct. 2685, 2693, 180 L.Ed.2d 519 (2011) ("The binding policy statement governing § 3582(c)(2) motions places considerable limits on district court discretion.") The relevant policy statement is set forth in Section 1B1.10 of the Guidelines which provides, in relevant part:

> "(a) Authority–
>
>> (1) In General.– In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. 3582(c)(2). As required by 18 U.S.C. 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.
>>
>> (2) Exclusions.– A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2) if– (A) None of the amendments listed in subsection (c) is applicable to the defendant; or (B) An amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.
>>
>> (3) Limitation.– Consistent with subsection (b), proceedings under 18 U.S.C. 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.
>
> (b) Determination of Reduction in Term of Imprisonment.–
>
>> (1) In General.– In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this

> policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.
>
> (2) Limitation and Prohibition on Extent of Reduction.– (A) Limitation.– Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection. (B) Exception for Substantial Assistance.– If the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate. (C) Prohibition.– In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served.
>
> * * *."

Thus, pursuant to the policy statement, "[a]ll Guidelines decisions from the original sentencing remain in place, save the sentencing range that was altered by retroactive amendment." Freeman, 131 S. Ct. at 2693 (citing U.S.S.G. § 1B1.10(b)(1)).

In Dillon, the Supreme Court articulated a two (2)-step inquiry that must be applied in considering a defendant's request for a sentence reduction pursuant to Section 3582(c)(2). 130 S.Ct. 2683, 177 L.Ed.2d 271. First, the sentencing court must "determine that a reduction is consistent with § 1B1.10 * * * by determin[ing] the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." Id. at 2691. "Specifically, § 1B1.10 requires the court to begin by 'determin[ing] the amended guideline range that would have been

applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." Id. Moreover, "the limitations on the degree of a sentence reduction under § 3582(c)(2) [as set forth in Section 1B1.10(b)(2)] are mandatory." Rivera, 662 F.3d at 171.

At the second step of the Dillon inquiry, applicable only if the defendant is found eligible for a reduction in sentence pursuant to Section 3582(c)(2), the Court must "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." Dillon, 130 S. Ct. at 2692. The policy statement in Section 1B1.10 "remains in play at th[e] [second] step as well." Mock, 612 F.3d at 137. Thus, "even where a defendant is permitted to seek a reduction, the district judge may conclude that a reduction would be inappropriate." Freeman, 131 S. Ct. at 2694.

A. Step One of the Dillon Inquiry

It is undisputed that under Amendment 750, defendant's base level offense is eligible for a two (2)-point reduction, i.e., from thirty (30) to twenty-eight (28). See U.S.S.G. § 2D1.1(c)(7) (prescribing an amended base level of twenty-eight (28) for, *inter alia*, an offense involving at least one hundred twelve (112) grams but less than one hundred ninety-six (196) grams of cocaine base). Applying the three (3)-level reduction for acceptance of responsibility that was applied on defendant's original sentencing reduces his total offense level to twenty-five (25). Given defendant's Criminal History Category of IV, the amended Guidelines range is a term of imprisonment for eighty-four (84) to one hundred five (105) months. See U.S.S.G. Sentencing Table, Ch. 5, Pt. A. Accordingly, defendant is eligible for a sentence reduction under Section

3582(c)(2) and, pursuant to the policy statement, his sentence may be reduced by as much as sixteen (16) months, i.e., to eighty-four (84) months, the minimum amended Guidelines range. See U.S.S.G. 1B1.10(b)(2).

B.   Step Two of the Dillon Inquiry

Upon review of the sentencing memoranda, the PSR and the parties' submissions, and consideration of (a) the factors listed in Section 3553(a), particularly, *inter alia*, the nature and circumstances of the offense and the history and characteristics of the defendant, including defendant's post-sentencing rehabilitation efforts; (b) the need for the sentence imposed to afford adequate deterrence to criminal conduct; and (c) the applicable policy statements issued by the Sentencing Commission, see U.S.S.G. § 1B1.10, defendant's motion for a reduction of his sentence pursuant to 18 U.S.C. 3582(c)(2) is granted and his sentence is reduced to a term of imprisonment of eighty-four (84) months.

III.   Conclusion

For the reasons set forth above, defendant's motion for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) is granted and the one hundred (100) month term of imprisonment imposed upon defendant is reduced to eighty-four (84) months.

SO ORDERED.                           s/ Sandra J. Feuerstein

                                      _____
                                      SANDRA J. FEUERSTEIN
                                      United States District Court

Dated: June 19, 2012
       Central Islip, New York